2010 OK CR 12

**Kendrick Antonio SIMPSON, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. D–2007–1055.

Court of Criminal Appeals of Oklahoma.

June 14, 2010.

**ORDER GRANTING REHEARING
BUT DENYING RECALL OF
THE MANDATE**

¶ 1 Appellant filed a Petition for Rehearing and Motion to Recall the Mandate in the above-styled appeal on March 18, 2010. He requests reconsideration of this Court's decision affirming his conviction for First Degree Murder and sentence of death. *See Simpson v. State,* 2010 OK CR 6, 230 P.3d 888 (2010).

¶ 2 A Petition for Rehearing shall not be filed as a matter of course, but only for two reasons:

1. Some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

2. The decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument.

Rule 3.14(B), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2010).

¶ 3 In seeking rehearing, Appellant claims that this Court's decision overlooked a question decisive of the case and duly submitted by appellate counsel. In fact, the opinion does not address Appellant's claim that trial counsel was ineffective for failing to voir dire the prospective jurors about whether they believed that the death penalty should automatically be imposed upon conviction for first degree murder, as counsel was entitled to do under *Morgan v. Illinois,* 504 U.S. 719, 735–36, 112 S.Ct. 2222, 2233, 119 L.Ed.2d 492 (1992). To succeed on this claim, Appellant must establish both that trial counsel's performance was deficient and his defense was thereby prejudiced. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We find that even if trial counsel's performance was deficient for failing to "life qualify" the jury, there has been no showing of any resulting prejudice to Appellant. *See Neill v. Gibson,* 278 F.3d 1044, 1054–56 (10th Cir.2001)(to prevail on a claim of ineffective assistance of counsel for failing to life qualify the jury, an appellant must show "there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Strickland,* 466 U.S. at 695, 104 S.Ct. 2052, 80 L.Ed.2d 674.)

¶ 4 While this issue was properly raised on direct appeal, it is not decisive of the case and does not require relief. The Petition for Rehearing is **GRANTED.** The Motion to Recall the Mandate is, however, **DENIED.**

¶ 5 **IT IS SO ORDERED.**

/s/  Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge

/s/  Arlene Johnson
ARLENE JOHNSON, Vice Presiding Judge

/s/  Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/  David B. Lewis
DAVID B. LEWIS, Judge, concur in result